1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL R. FANNING, as CEO of the Central
Pension Fund of the International Union of
Operating Engineers and Participating Employers,

Plaintiff,

v.

GROUP HEALTH COOPERATIVE, a nonprofit
corporation,

Defendant.

Case No. C07-1716MJP

ORDER DENYING MOTION
TO JOIN THE
INTERNATIONAL UNION OF
OPERATING ENGINEERS,
LOCAL 286

This matter comes before the Court on Defendant's motion to order the International

Union of Operating Engineers, Local 286 ("the Union") to join this lawsuit as a co-defendant.

After reviewing the moving papers (Dkt. No. 16), the response (Dkt. No. 23), the reply (Dkt. No.

25), and all papers submitted in support thereof, the Court DENIES Defendant's motion.

**Background**

Plaintiff Michael Fanning, as the Chief Executive Officer of the Central Pension Fund of

the International Union of Operating Engineers ("Central Pension Fund" or "Fund"), brought suit

against Group Health to recover unpaid contributions to the Fund.  The Fund is a jointly-managed

employee benefit trust and is a separate entity from the unions whose members it benefits.  Group

Heath does not contest the delinquency of the contributions, but instead argues that its agreement

with the Union governs responsibility for the contributions and that it requires the employees

themselves to make the contributions. Group Health therefore wants the Union to be included in

this action.

In October 2006, Group Health and the Union executed a Collective Bargaining

ORDER — 1

1  Agreement ("CBA") whereby Group Health was to increase wages of represented employees by

2  six percent in the first year, then four percent in the second and third years.  It was also agreed

3  that ".5 CENTS OF THE INCREASE WILL GO TO THE UNION PENSION PLAN."

4  (Harrington Decl., Ex. A at 21 (emphasis in original).)  Prior to this CBA, all employees

5  represented by the Union had been covered by Group Health's retirement plan(s).

6       In December 2006, Diana Rollins, Treasurer of the Union, notified Group Health in a

7  letter that the Union members "have voted to contribute to the Central Pension Fund, 5% of their

8  monthly gross wages . . . [to] be effective January 1, 2007." (Harrington Decl., Ex. B.)  Group

9  Health agreed to this change, and on January 22, 2007, Group Health and the Union incorporated

10  this language into the CBA as an Addendum.  (Harrington Decl., Ex. A at 24.)   Diana Rollins'

11  December 2006 letter also included a "Participating Agreement" form, prepared by the Fund.  It

12  restates the five percent contribution agreement, but also includes a boilerplate paragraph which

13  states that the "EMPLOYER agrees to contribute to the Central Pension Fund."  (Harrington

14  Decl., Ex. C at 2 (emphasis in original).)  At some point before January 23, 2007, Group Health

15  signed this form and sent it to the Fund.

16       In March 2007, Group Health, the Fund, and the Union discussed but did not resolve the

17  possible conflict between the Addendum and the Participating Agreement regarding whether

18  responsibility for the contributions to the Fund fell on Group Health or the unionized employees.

19  (Harrington Decl. ¶ 10.)  In October 2007, the Fund filed this action against Group Health under

20  29 U.S.C. § 1145 for breach of contract and breach of fiduciary duty, claiming that no

21  contributions had been received by the Fund.

22                                **Discussion**

23       Joinder of a required party is governed by Rule 19 of the Federal Rules of Civil Procedure

24  ("Rule 19").  Under Rule 19, the Union does not qualify as a required party.  Rule 19(a) states:

25       (a) **Persons Required to Be Joined if Feasible**
             (1) ***Required Party***.  A person who is subject to service of process and whose
26           joinder will not deprive the court of subject-matter jurisdiction must be joined
             as a party if:

27

ORDER — 2

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  The parties dispute whether the elements of either Rule 19(a)(1)(A) or (B) are met here.

Rule 19(a)(1)(B) allows a forced joinder of an outside party only upon the impetus of that outside party.  See United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999) ("Joinder [under sub-parts (i) and (ii)] is 'contingent upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action.'" (quoting Northrop, 705 F.2d at 1043 (emphasis in original))); see also Ass'n to Protect Hammersley, Eld, and Totten Inlets v. Taylor Res. Inc., 299 F.3d 1007, 1015 (9th Cir. 2002) (finding what is now Rule 19(a)(1)(B) "wholly inapplicable because Ecology [(the absent party)] does not claim an interest that will be impaired"); In re County of Orange 262 F.3d 1014, 1023 (9th Cir. 2001) ("[Defendant] cannot claim that the districts [(i.e., the absent parties)] have a legally protected interest in the action unless the districts themselves claim that they have such an interest, and the districts have been silent.").

Here, the Union has not claimed an interest nor has it sought to join in this suit.  The Union is aware of this suit – Michael Harrington, the Director of Labor Relations for Group Health, states that he has discussed the issues presented in this suit with several Union members. (Harrington Decl. ¶ 16.)  Without a claim by the Union, it cannot be a required party under Rule 19(a)(1)(B).

The remaining question is whether the Union is a required party under Rule 19(a)(1)(A). Under Rule 19(a)(1)(A), the operative question is whether the absence of a party "would preclude the district court from fashioning meaningful relief as between the parties."  Disabled Rights

ORDER — 3

1   <u>Action Comm. v. Las Vegas Events, Inc.</u>, 375 F.3d 861, 879 (9th Cir. 2004).  This question

2   contemplates "consummate rather than partial or hollow relief as to those already parties, and

3   with precluding multiple lawsuits on the same cause of action." <u>Id.</u>; <u>see also</u> <u>Northrop Corp. v.</u>

4   <u>McDonnell Douglas Corp.</u>, 705 F.2d 1030 (9th Cir. 1983), <u>cert. denied</u>, 464 U.S. 849 (1983).

5          Meaningful relief can be achieved through this lawsuit without joining the Union – the fact

6   finder will decide whether Group Health owes contributions to the Fund under the operative

7   agreements.  The Union's participation as a party is not necessary to understand those

8   agreements.  Any necessary follow-up negotiations or litigation between Group Health and the

9   Union or the Fund and the Union is tangential and speculative to the issue at hand.  Moreover, the

10  "complete relief" portion of Rule 19(a) "is concerned only with 'relief as between the persons

11  already parties, not as between a party and the absent person whose joinder is sought.'" <u>Eldredge</u>

12  <u>v. Carpenters 46 N. Cal. Counties Joint Apprenticeship and Training Comm.</u>, 662 F.2d 534, 537

13  (9th Cir. 1981).  Relief between the Fund and Group Health can be achieved here; the Union is

14  therefore not a required party.

15                                    **Conclusion**

16         The Court DENIES Defendant's motion to join the Union as a required party to this

17  lawsuit because the Union has not claimed an interest in this suit and because complete relief may

18  be achieved between the current parties.

19         The Clerk is directed to send a copy of this order to all counsel of record.

20         Dated: May 21, 2008.

21

22                                           s/ Marsha J. Pechman

23                                          Marsha J. Pechman

24                                          United States District Judge

25

26

27

ORDER — 4